UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.	Case No.  8:05-cr-377-T-23EAJ
	8:07-cv-683-T-23EAJ

HAROLD WINSLOW
_____/

**O R D E R**

Winslow's conviction is pursuant to a guilty plea to one count of attempting to travel with intent to engage in illicit sexual conduct with a minor, for which offense he was sentenced to 135 months.  Winslow challenges his conviction and sentence in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate.  Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears

---

[1]  Fifth Circuit decisions issued before October 1, 1981, bind this Court. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). The claims are without merit.

## FACTS

The following facts are copied from the factual basis in the "Notice of Maximum Penalty, Elements of Offense, Personalization of Elements, and Factual Basis" (Doc. 21).

> On June 8, 2005, United States Immigration and Customs Enforcement in Miami received information from Queensland, Australia, Constable (AC) Peter Ahloy, concerning an individual located in the United States, with whom he had been communicating-with in an undercover capacity, via the Internet. This individual was tentatively identified as Nick Winslow, later identified as the defendant, Harold Winslow.
>
> AC Ahloy had come in contact with Winslow because Winslow had previously been communicating with Raymond John Shafer, who was arrested in Queensland, Australia, in April 2005, for a number of child pornography violations. During interviews with Queensland law enforcement officers, Shafer provided his Yahoo! Email account information along with his password to access his Yahoo! Account. AC Ahloy then posed in an undercover capacity as Shafer utilizing Shafer's Yahoo! Account information and was subsequently contacted by Winslow.
>
> While Winslow and Ahloy were communicating, Winslow had expressed to AC Ahloy an interest in traveling to Australia for the purpose of engaging in sexual relations with female minors.
>
> For the next two months Ahloy and Winslow communicated via email. They discussed their "mutual" desire to have sex with minor females. Ahloy told Winslow Australia was a liberal country and as long as you did not have sex with the child on a main street, sex with children was okay. Ahloy led Winslow to believe he could arrange a sexual liaison between Winslow and a minor child. Winslow made plans to fly to Australia and bought his plane ticket. He had also mailed a package ahead to Australia with a Teddy Bear and "doctor kit" in it, to "help his holiday along."
>
> On August 6, 2005, Winslow was arrested at Tampa International Airport as he checked-in for his planned flight to Australia.

Winslow pleaded guilty without a plea agreement. According to Tollett v. Henderson, 411 U.S. 258, 267 (1973), a guilty plea waives a non-jurisdictional defects:

> [A] a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). This waiver includes claims of ineffective assistance of counsel based on pre-plea issues. "A voluntary guilty plea waives . . . claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." United States v. Glinsey, 209 F.2d 386, 392 (5th Cir.) (citation omitted), cert. denied, 531 U.S. 919 (2000). Because a guilty plea forfeits all claims (other than jurisdictional challenges), including both substantive claims and purported failings of counsel that occurred before entry of the plea,[2] nearly all of Winslow's challenges are forfeited.

Winslow alleges that this court lacked subject matter jurisdiction because the Constitution granted the federal courts criminal jurisdiction in only a few, specifically identified situations. Winslow complains that all other federal criminal jurisdiction, which

---

[2] Winslow alleges that "he was not allowed to participate actively in his defense" because his appointed counsel told him that "you decide whether to plea or go to trial, I decide everything else." Winslow states he wanted "every possible not just probable defensive issues raised." Winslow forfeited this pre-plea claim by pleading guilty.

Congress has legislatively authorized, is unconstitutional.  Winslow represents that his position is supported by the Judiciary Act of 1789.  Winslow is misadvised.

Criminal jurisdiction in the federal courts is neither inherent nor implied.  Instead, Congress statutorily confers criminal jurisdiction on the federal courts for specific offenses:

> The legislative authority of the Union must first make an act a crime, affix a punishment to it, and declare the Court that shall have jurisdiction of the offence.
>
> Certain implied powers must necessarily result to our Courts of justice from the nature of their institution. But jurisdiction of crimes against the state is not among those powers. To fine for contempt–-imprison for contumacy— [e]nforce the observance of order, [et]c. are powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others: and so far our Courts no doubt possess powers not immediately derived from statute; but all exercise of criminal jurisdiction in common law cases we are of opinion is not within their implied powers.

United States v. Hudson, 11 U.S. 32 (7 Cranch 32) (1812).  Winslow's interpretation of the Judiciary Act is incorrect; Congress has the authority to declare certain acts criminal and confer jurisdiction on the federal courts.  "Argument to show that the Circuit Courts have jurisdiction of offences against the authority of the United States since the passage of the Judiciary Act is unnecessary, as all the offences cognizable in those courts have been defined since the Judiciary Act went into operation."  United States v. Hall, 98 U.S. 343, 348 (1878).  Winslow was indicted for "attempt[ing] to travel in interstate and foreign commerce for the purpose of engaging in illicit sexual conduct with a person he believed had not attained the age of 18 years."  Congress criminalized this act, as codified at 18 U.S.C. §2423(b).  Additionally, Winslow's argument that no crime occurred because the "victim" in this case was actually an undercover officer is

meritless. United States v. Hersh, 297 F.3d 1233, 1246, n.17 (11th Cir. 2002) ("The Second Circuit has read this statute in the same way. In United States v. Han, 230 F.3d 560 (2d Cir.2000), the court applied the statute in a situation where actual sexual activity never occurred, since the 'minor' was an undercover police agent posing as a minor over the internet. Finding that the defendant had formed the necessary intent prohibited by § 2423(b) by developing a plan to cross state lines to engage in sexual acts with the minor, the court held that little more than crossing state lines with an intent to engage in sexual acts with a minor is sufficient to violate the statute.").

Accordingly, the motion to vacate sentence is **DENIED**. The clerk shall enter a judgment against Winslow and close this action.

ORDERED in Tampa, Florida, on August 7, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE